IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FRANK KENNEBREW**,<br><br>    *Plaintiff,*<br><br>v.<br><br>**DEKALB COUNTY SCHOOL DISTRICT**,<br><br><br>    *Defendant.* | *Case No.*<br><br><br>*Jury Demand* |

## COMPLAINT

NOW COMES Plaintiff FRANK KENNEBREW through undersigned counsel and makes his claims against Defendant, DeKalb County School District ("DCSD" or "Employer"), showing the Court as follows:

**SUBJECT MATTER JURISDICTION**

1.

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e *et seq.*, as amended (Title VII), for employment discrimination based on sex and race. Jurisdiction is specifically conferred on the court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

1

2.

This action is also brought pursuant to the Age Discrimination in Employment Act (ADEA) [29 U.S.C. §§ 621-34 and C.F.R. §§ 29 C.F.R. 1625-27], each as amended.

3.

These claims are federal questions under 28 U.S.C. § 1331, and jurisdiction and venue are proper in this court.

## PERSONAL JURISDICTION

4.

Defendant, DeKalb County School District, is a public corporate body and political subdivision operating in DeKalb County, Georgia under the Constitution and laws of the State of Georgia with the capacity to sue and be sued.

5.

DeKalb County School District's Superintendent is Dr. Devon Horton and he may be served at 1701 Mountain Industrial Boulevard, Stone Mountain, Georgia 30083.

6.

Defendant, DeKalb County School District has its principal office at 1701 Mountain Industrial Boulevard, Stone Mountain, Georgia 30083.

7.

Defendant, DeKalb County School District at all relevant times employed approximately over 14,500 employees.

## FACTS OF THE CASE

8.

Kennebrew was hired by DCSD in or about March 2017.

9.

Kennebrew's most recent position at DCSD was Special Education Teacher.

10.

In March 2020, Kennebrew had to being teaching virtually due to the Pandemic.

11.

On May 18, 2020, about two months later, Kennebrew received a letter stating his contract would not be renewed.

12.

Kennebrew was not given a reason for the non-renewal.

13.

Kennebrew is an African-American male and a member of protected classes.

14.

Kennebrew was at the time of his non-renewal over the age of seventy-two (72) and a member of a protected class.

15.

Kennebrew was raised in Georgia, where it is important to him to teach, being a product of nearby Cobb County School District, having completed grades first through twelfth therein.

16.

Kennebrew is highly qualified to teach.  His qualifications include but are not limited to: his college education (Bachelor of Arts Degree), Graduate School education (Master of Arts Degree), and Law School education (Juris Doctor Degree); being a Licensed Attorney, having been admitted to the State Bar of Georgia since 1983; having Multi-State Teacher Certification in Georgia and Florida; and work experience as a Special Education Teacher.

17.

Kennebrew was respected by students, parents, and teaching professionals.

18.

Employer's true reason for not renewing Kennebrew's contract hiring Plaintiff remains concealed but are discriminatory as described herein.

19.

Any alleged reason by Employer other than alleged herein is pre-textual.

20.

Other Teachers outside of Kennebrew's protected classes had their contacts renewed and were better treated.

21.

 Said discriminatory treatment was in the terms and conditions of employment in that Kennebrew's contract was not renewed.

22.

Employer's failure to renew Kennebrew's contract was based on one or more discriminatory and unlawful grounds as stated herein.

23.

Kennebrew suffered discriminatory treatment in his contract not being renewed based on his race.

24.

Kennebrew suffered discriminatory treatment in his contract not being renewed based on his sex.

25.

Kennebrew suffered discriminatory treatment in his contract not being renewed based on his age.

26.

Plaintiff's job skills and positive and productive work habits made him an asset to DeKalb County School District, and he would have had his contract renewed but for the discriminatory actions of Defendant, its employees, officers, managers, and agents.

## CLAIM I – DISCRMINATION BASED ON RACE UNDER TITLE VII

27.

Paragraphs 1 to 26 incorporated herein by reference as if recited verbatim.

28.

Kennebrew is African-American.

29.

Kennebrew was qualified for his position.

30.

Kennebrew suffered an adverse employment action, contract non-renewal.

31.

Kennebrew was replaced by a person outside of his protected class or a person within his class who was willing to discriminate based on race or tolerant of racial discrimination.

32.

Kennbrew was treated less favorably than similarly situated individuals outside his protected class or within his class willing to discriminate based on race or tolerant of racial discrimination.

33.

Other circumstantial evidence presents a convincing mosaic supporting Kennebrew's claim.

**CLAIM II – DISCRMINATION BASED ON SEX UNDER TITLE VII**

34.

Paragraphs 1 to 26 incorporated herein by reference as if recited verbatim.

35.

Kennebrew is male.

36.

Kennebrew was qualified for his position.

37.

Kennebrew suffered an adverse employment action, contract non-renewal.

38.

Kennebrew was replaced by a person outside of his protected class.

39.

Kennbrew was treated less favorably than similarly situated individuals outside his protected class.

40.

Other circumstantial evidence presents a convincing mosaic supporting Kennebrew's claim.

**CLAIM III – DISCRMINATION BASED ON AGE UNDER ADEA**

41.

Paragraphs 1 to 26 incorporated herein by reference as if recited verbatim.

42.

Kennebrew was at the time of his non-renewal over the age of seventy-two (72) and a member of a protected class.

43.

Kennebrew was qualified for his position.

44.

Kennebrew suffered an adverse employment action, contract non-renewal.

45.

Kennebrew was replaced by a person outside of his protected class, i.e., a younger person.

46.

Kennbrew was treated less favorably than similarly situated individuals outside his protected class, i.e., younger persons.

47.

Other circumstantial evidence presents a convincing mosaic supporting Kennebrew's claim.

## DAMAGES

48.

Employer's conduct constitutes unlawful workplace discrimination based upon race, sex, and age because no other factor present explains why Employer, its employees, managers, officers, and agents held Kennebrew in such low regard as not to renew his contract given his performance, education, background, and experience.

49.

The treatment Kennebrew was subjected to amounted to discrimination in the terms, conditions, and privileges of his employment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

50.

Kennebrew suffered lost wages he otherwise would have earned because of the actions of Employer.

51.

Kennebrew suffered loss of benefits he otherwise would have had because of the actions of Employer.

52.

Kennebrew suffered emotional distress and pain and suffering because of the actions of Employer.

53.

Plaintiff is entitled to punitive damages because of the actions of Employer.

54.

Employer consciously disregarded Kennebrew's civil rights.

55.

Employer acted with reckless disregard as to whether its conduct violated the law.

56.

Defendant's actions are a disparate treatment by not renewing Kennebrew's contract based on his race, sex, and age.

57.

Kennebrew has timely pursued his charge with the EEOC, Charge Number 410-2021-02103, Attached Exhibit A.

58.

Kennebrew has timely filed suit on his Right to Sue Letters, attached hereto as Exhibits B and C.

WHEREFORE, Plaintiff demands that he have trial by jury and judgment against Defendant as follows:

a) For lost wages with prejudgment interest in an amount to be determined at trial;

b) For lost benefits with prejudgment interest in an amount to be determined at trial;

c) For compensatory damages;

d) For punitive damages;

e) For a declaratory judgment that Defendant's actions were unlawful;

f) For such injunctive relief as the law may allow toward order of employment and order of Defendant to refrain from future discriminatory treatment of other individuals;

g) For his costs and expenses;

h) For his attorney's fees;

i) For such other and further relief as is just, proper, or equitable.

This 30th day of June, 2024.

/S/ Drew Mosley
Drew Mosley
Attorney for Plaintiff
GA Bar No. 526406
Drew Mosley, LLC
279 W. Crogan St.
Lawrenceville, GA 30046
Office Phone (678) 225-0098
Office Fax (678) 221-0230
Email: drew@mlawmail.com